UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

STEPHEN E. NELSON,  :  Case No. 1:15-CV-1976

        Plaintiff,  :

vs.  :  OPINION & ORDER
    [Resolving Doc. No. 17]

TIGER GENERAL LLC, et al.,  :

        Defendants.  :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The parties in this copyright infringement and breach-of-contract case jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential.[1] The order would allow the parties to designate documents as confidential "upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publically available."[2]

    Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[3]

    Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[4] "Thus, documents filed in the court generally must be

---

[1] Doc. 17.
[2] *Id.*
[3] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984)).

Case No. 1:15-CV-1976
Gwin, J.

made available to the public."[5]  Moreover, the fact that all parties jointly seek a protective order or propose a confidentiality agreement does not overcome the general rule against sealing cases and documents.[6]

In *Tinman v. Blue Cross & Blue Shield of Michigan*[7], the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm."[8]  This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Despite this, the parties have asked the Court for blanket authority to designate documents as "confidential" and to file them under seal. The parties, however, do not sufficiently demonstrate that this case warrants such a broad order.

Of course, the parties are free to enter into a private contractual confidentiality agreement with respect to disclosure of documents and information. Nor does this Court intend to prevent any of the parties from moving to seal an individual document in the file, provided that they make the required particularized showing. At the present time, however, the parties have not sufficiently shown the need for a protective order to be entered in this case.

---

[4] *Brown & Williamson*, 710 F.2d at 1178; *see also* *Wilson v. Am. Motor Corp.*,759 F.2d 1568, 1570 (11th Cir. 1985) (noting that "trials are public proceedings" and access to court records preserves "the rights of the public, an absent party").
[5] *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790-91 (6th Cir. 2010).
[6] *Procter & Gambel Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").
[7] 176 F.Supp.2d 743 (E.D. Mich. 2001).
[8] *Id.* at 745.

Case No. 1:15-CV-1976
Gwin, J.

Accordingly, this Court **DENIES** the parties' joint proposed protective order.

IT IS SO ORDERED.

Dated:  February 10, 2016

*s/          James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE